**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GERALD HOLT and CAROLYN HOLT,** individually and as trustees of the **GERALD LEE HOLT TRUST,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) Case No. 05-CV-602-TCK-SAJ<br>) |
| **INTERNATIONAL ASSET MANAGEMENT, INC., and MARVIN DeVries, an individual,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand (Docket No. 11).

I.   Factual Background

On September 22, 2005, Plaintiffs filed suit against Defendants International Asset Management, Inc. ("IAM"), a foreign corporation, and Marvin DeVries ("DeVries), a resident of Tulsa County, Oklahoma, in the District Court of Nowata County. Plaintiffs and IAM have entered a total of three oil and gas leases, whereby IAM has leased a total of approximately three hundred acres of Plaintiffs' land for the purpose of oil and gas exploration. DeVries is Vice-President of IAM and the individual who handles the operations of leases on Plaintiffs' property.

In their Petition, Plaintiffs allege state-law causes of action for trespass, conversion, negligence, negligence per se, and statutory penalties against Defendants. The causes of action for trespass and conversion are based on Plaintiffs' allegations that Defendants failed to vacate Plaintiffs' property upon the expiration of the relevant oil and gas leases. The cause of action for negligence is based on Plaintiffs' allegations that Defendants breached a duty of care by allowing oil, acid, and water spills on Plaintiffs' land. The cause of action for negligence per se is based on

Defendants' alleged failure to comply with certain Oklahoma statutes by failing to plug wells, failing to reach an agreement with Plaintiffs regarding surface damages prior to entering the land, and allowing refuse to flow over the surface of the land. The cause of action for statutory penalties is based on Defendants' alleged knowing entry upon Plaintiffs' land for the purpose of commencing the drilling of a well without Plaintiff's permission.

On October 21, 2005, IAM filed a Notice of Removal, alleging that diversity jurisdiction exists because DeVries is fraudulently joined.[1] It is undisputed that Plaintiffs and Defendant IAM are of diverse citizenship and that the amount in controversy is met. Thus, the sole issue presented by the Motion to Remand is whether DeVries is fraudulently joined.

II.     Fraudulent Joinder Standard

"The case law places a heavy burden on the party asserting fraudulent joinder." *See Monsanto v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at * 1 (10th Cir. April 14, 2000).

> "To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."

*Id.* at * 1 - * 2. (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). In determining whether there is any possibility of recovery against the party that is improperly joined, the legal standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* Remand is required if any one of the claims

---

[1] Defendant DeVries has consented to such removal.

against the non-diverse defendant is possibly viable. *Id.* at * 2.

With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence. *Mitchell v. Ford Motor Co.*, No. 05-379, 2005 WL 1657069, at * 3 (W.D. Okla. 2005). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a motion to remand." *Id.*

III.   Counts III and IV

Defendants argue that DeVries cannot be held individually liable for negligence and negligence per se because DeVries' only contact with Plaintiffs is through the oil and gas leases between IAM and Plaintiffs. Defendants cite the cases of *Hall v. Sullivan-Dollars, Inc.*, 471 P.2d 453 (Okla. 1970) and *Sunbelt Restaurants, Inc. v. Jack Barlow Const. Co.*, 736 P.2d 1016, 1019 (Okla. Ct. App. 1987). In *Hall*, a third party sued a corporation and an individual officer to collect on an open account entered into by the officer on behalf of the corporation. The court stated:

> The act of Frank Hill in procuring insurance for the trucking company was a corporate act. A corporation can only act through its officers and agents. When those acts are within the power and purpose of the corporation the liability lies with the corporate structure. Plaintiff dealt with Hall with full knowledge of the corporate identity. There is no question but that the insurance was acquired for protection of the corporation. The facts in the present case do not call for a disregard of the corporate entity so as to hold Frank Hall personally liable.

*Id.* at 455. In *Sunbelt*, a defendant corporation liquidated and disbursed all assets of the corporation to the sole shareholder. The court held the plaintiff must first establish liability of the corporation before it could pursue an action against the individual shareholder. *Id.* at 1019. Defendants' cited cases are wholly inapposite to the issue presented because they do not involve allegedly tortious actions of a corporate officer. The cases involve, respectively, an agency issue arising under

contract law and individual shareholder liability upon corporate dissolution. Neither scenario is applicable to a case alleging individual tortious conduct by a corporate officer. In contrast, the general rule regarding corporate officer liability for torts is as follows: "Corporate officers are personally liable for alleged tortious conduct of the corporation if they personally took part in the commission of the tort or if they specifically directed officers, agents or employees of the corporation to commit such acts." *All American Car Wash, Inc. v. National Pride Equipment, Inc.*, 550 F. Supp. 166, 169 (W.D. Okla. 1981) (reasoning that corporate officer's numerous trips to Oklahoma in connection with the lowering of his company's prices may be sufficient to hold him personally liable for the alleged torts committed by the company and therefore subjecting him to personal jurisdiction in Oklahoma); *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W.D. Okla. 1981) ( "As to corporate officers acting in a corporate capacity, the 'general, if not universal rule,' of torts is that they may be held personally liable for tortious conduct of the corporation that they directly participated in or specifically directed others to carry out.").

In this case, Plaintiffs allege that IAM and DeVries were negligent in allowing oil, acid, and water spills on Plaintiffs' land. Plaintiffs allege that IAM and DeVries committed negligence per se by failing to plug wells, failing to reach an agreement with Plaintiffs regarding surface damages prior to entering the land, and allowing refuse to flow over the surface of the land, all in violation of Oklahoma statutes. Defendant has not presented any evidence regarding whether or not DeVries "directly participated" or "directed others to carry out" the allegedly tortious acts. They have therefore not presented clear and convincing evidence that DeVries may not be held personally liable for the negligence alleged in Counts Three and Four of the Petition. The simple fact that the oil and gas leases were executed solely by IAM does not, in the Court's view, eliminate the

possibility that DeVries personally took part in the commission of the tort. It is undisputed that DeVries was responsible for oversight of operations on Plaintiffs' property. Because the Court concludes that Plaintiffs have at least stated a cause of action against DeVries as to Counts III and IV, the Court finds that joinder of DeVries was not a "patent sham" such that his joinder to the lawsuit was fraudulent.[2]

In addition, viewing the record as a whole, the Court concludes that Defendant has failed to show by clear and convincing evidence that Plaintiffs had any "deducible bad faith purpose to defeat federal jurisdiction." *See Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949). In an attempt to show bad faith, Defendants argue that the claims raised in this case are identical to claims first raised by Plaintiffs in an arbitration proceeding commenced by IAM on March 24, 2005. The claims asserted in this lawsuit were in fact included in a submission by Plaintiffs entitled "Response and Counterclaim to Demand for Arbitration" in the arbitration proceeding. However, because Plaintiff failed to pay a filing fee, the counterclaims are not part of the pending arbitration proceedings. Defendants allege that Plaintiffs added DeVries as a defendant in the Nowata County lawsuit, which was filed five days before the arbitration hearing commenced, solely for the purpose of destroying diversity in federal court. This argument is unavailing. Plaintiffs apparently determined to sue IAM in state court rather than continue to assert their counterclaim in the arbitration proceeding. While the Court makes no determination as to whether this was improper or whether the case should be

---

[2] Because remand is required if any one of the claims against the non-diverse defendant is possibly viable, the Court does not reach the question of whether Plaintiffs have viable causes of action against DeVries as to Counts I, II, and V.

stayed or dismissed pending the arbitration proceedings,[3] this fact alone does not persuade the Court that DeVries was fraudulently joined in the action. DeVries was not a party to the arbitration proceeding, so Plaintiffs' counterclaims in that proceeding could not have been asserted against him. When Plaintiffs decided to be master of their claims and sue in state court, it is conceivable that Plaintiffs made a good-faith determination to sue DeVries, in addition to IAM, as an individual defendant. In short, the facts surrounding the related arbitration proceedings do not convince the Court that naming DeVries in the state court action was fraudulent or in bad faith.

Plaintiffs' Motion to Remand (Docket No. 11) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), the case is remanded in full to the District Court of Nowata County.

**ORDERED this 15th day of FEBRUARY, 2006.**

*/s/ Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[3] On October 24, 2005, Defendants filed a Combined Motion to Dismiss or Stay and to Compel Arbitration (Docket No. 7), arguing that Plaintiffs failed to timely prosecute their claims in the related arbitration proceedings and are therefore subject to dismissal and alternatively arguing that the parties be compelled to arbitration. The Court's ruling on remand in no way impact the state court's determination of whether dismissal or stay is appropriate.